**626**

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Juan Carlos RESENDEZ–HERNAN-**
**DEZ, also known as Ricardo Flores,**
**Defendant–Appellant.**

No. 03–40816
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 10, 2003.

James Lee Turner, Assistant US Attorney, David Hill Peck, US Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Roland E. Dahlin, II, Federal Public Defender, Margaret Christina Ling, Assistant Federal Public Defender, Miguel A. Nogueras, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:*

Juan Carlos Resendez–Hernandez appeals his illegal reentry conviction. Resendez concedes that the issue whether the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) & (2) are unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), and he raises it solely to preserve its further review by the Supreme Court.

*Apprendi* did not overrule *Almendarez–Torres. See Apprendi,* 530 U.S. at 489–90. This court must therefore follow the precedent set in *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *See United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000) (internal quotation and citation omitted).

AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.